21-1992
*Aberra v. City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of January, two thousand twenty-three.

PRESENT:
>   DENNIS JACOBS,
>   RICHARD J. SULLIVAN,
>   MYRNA PÉREZ,
>      *Circuit Judges.*

_____

NATANYA ABERRA,

>   *Plaintiff-Appellant*,

v.  No. 21-1992

CITY OF NEW YORK,

>   *Defendant-Appellee.*[*]

_____

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

**For Plaintiff-Appellant:**                  NATANYA ABERRA, pro se, New York, NY.

**For Defendant-Appellee:**                MACKENZIE FILLOW (Jamison Davies, *on the brief*), *for* Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Natanya Aberra, proceeding pro se, appeals from a judgment of the district court granting summary judgment in favor of the City of New York (the "City") on his claims of false arrest and false imprisonment under 42 U.S.C. § 1983 and New York law, following his arrest for making nonconsensual sexual contact with a woman while attending a work-related conference. On appeal, Aberra challenges the district court's determination that the police had probable cause to arrest him. We review a district court's grant of summary judgment de novo, *Kee v. City of New York*, 12 F.4th 150, 157–58 (2d Cir. 2021), and will affirm when there

2

is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We first turn to Aberra's claims of false arrest and false imprisonment under section 1983. For both claims, probable cause is a "complete defense." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (internal quotation marks omitted); *see also Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014). "Probable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) (alterations and internal quotations marks omitted). Information from the putative victim or an eyewitness that a crime was committed can establish probable cause "unless the circumstances raise doubt as to the person's veracity." *Betts*, 751 F.3d at 82.

Here, the undisputed facts support a finding of probable cause to arrest Aberra. When the police arrived, the complainant, whose account was corroborated by an eyewitness, told officers that Aberra followed her and then rubbed his body against hers from behind. The facts alleged by these witnesses

3

were sufficient to establish the elements for sexual abuse in the third degree, in violation of New York Penal Law section 130.55, and harassment in the second degree, in violation of section 240.26. *See People v. Perez*, 131 N.Y.S.3d 485, 485 (1st Dep't 2020) (affirming conviction under section 130.55 where the victim testified that defendant "grazed" her buttocks with his hand on crowded train (internal quotation marks and alterations omitted)); *People v. Mohamed*, 39 N.Y.S.3d 575, 578 (2d Dep't 2016) (affirming conviction under section 250.26 where defendant "followed the complainant" with "intent to harass"). While Aberra denies that he ever did, in fact, make contact with the complainant, it is undisputed that the officers were told that Aberra had made such contact. Therefore, even if the witnesses' statements turned out to be inaccurate, "probable cause exists even where it is based upon mistaken information, so long as the arresting officer was reasonable in relying on that information." *Bernard v. United States*, 25 F.3d 98, 103 (2d Cir. 1994). Because Aberra points to nothing in the record to suggest that it was unreasonable for the police to rely on the complainant's and eyewitness's statements, the district court did not err in concluding that there was probable cause to arrest Aberra.

Aberra's arguments to the contrary are unavailing. For starters, Aberra complains that the police did not take his statement before arresting him. But while there may be circumstances in which it would be better "for the officers to investigate plaintiff's version of events more completely," we have held that an "officer's failure to investigate an arrestee's protestations of innocence generally does not vitiate probable cause." *Panetta v. Crowley*, 460 F.3d 388, 396 (2d Cir. 2006) (internal quotation marks omitted). Similarly, while Aberra contends that video of the incident proves he did not make contact with the complainant, the probable-cause determination does not turn on whether the evidence may ultimately result in a conviction.[1] Again, so long as the "facts *available to the officer* at the time of the arrest and immediately before it" were sufficient to establish probable cause to believe that the arrestee had committed a crime, that is enough to justify an arrest. *Betts*, 751 F.3d at 83 (internal quotation marks omitted). As such, the fact that the charges against Aberra were dropped is not relevant. Because the district court properly found that there was probable cause to arrest Aberra, it did not err in granting summary judgment to the City on Aberra's section-1983 claim. *See Goe v. Zucker*, 43 F.4th 19, 34–35 (2d Cir. 2022).

---

[1] In any event, nothing captured on the video is inconsistent with the complainant's statement to the police; the video is merely inconclusive in spots, but never exculpatory.

We also affirm the district court's exercise of supplemental jurisdiction over, and dismissal of, Aberra's state-law claims. We review the district court's decision to exercise such jurisdiction for abuse of discretion. *See Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003). Considering that the district court had already invested "substantial effort" in this case, Dist. Ct. Doc. No. 116 at 2, that the state-law claims presented no "novel or unsettled issues of state law," *Mauro v. S. New England Telecomms., Inc.*, 208 F.3d 384, 388 (2d Cir. 2000), and that the existence of probable cause constituted an absolute defense to both the federal and state claims, *see Weyant*, 101 F.3d at 852, we conclude that the district court's decision to adjudicate, and ultimately dismiss, the state-law claims on the merits – rather than risk subjecting the City to duplicative, frivolous litigation in state court – was entirely appropriate. And since probable cause is a complete defense to Aberra's state-law claims, *see id.*, we also affirm the district court's dismissal of those claims on the merits.

We have considered all of Aberra's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

